UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: INTRAMTA SWITCHED ACCESS
CHARGES LITIGATION                                                                MDL No. 2587


TRANSFER ORDER WITH SIMULTANEOUS
SEPARATION AND REMAND OF CERTAIN CLAIMS


**Before the Panel:**[*] Plaintiffs in one Western District of Louisiana action and common defendants in the remaining 27 actions listed on Schedule A[1] move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Texas or, alternatively, the Northern District of Georgia or the Eastern District of Michigan. Movants also request that the Panel transfer only Sprint's counterclaims against CenturyLink and separate and remand CenturyLink's original claims against Sprint to the Western District of Louisiana. The litigation consists of 28 actions pending in 21 districts, as listed on Schedule A.[2]

Responding parties have taken a variety of positions in response to this motion for centralization. More than 100 defendant LECs in approximately 50 actions and potential tag-along actions support centralizing all CenturyLink and non-CenturyLink cases, as does plaintiff Verizon.[3] More than 35 defendant LECs in two actions oppose centralization, as does plaintiff Sprint Communications Co., LP (Sprint). More than 60 defendant LECs in approximately eighteen actions and potential tag-along actions oppose inclusion of claims against them (most of these LECs alternatively support inclusion of all claims against them, including those pending in non-CenturyLink cases). More than 40 defendant LECs in five non-CenturyLink cases oppose inclusion of the non-CenturyLink cases. At least two groups of defendants favor the Northern District of Georgia as transferee district, in the first instance or in the alternative. One of these groups also supports

---

[*] Judge Sarah S. Vance and Judge Charles R. Breyer took no part in the decision of this matter.

[1] Movants are 79 commonly-owned and commonly-managed subsidiaries of CenturyLink, Inc. (collectively, CenturyLink). These subsidiaries are local exchange carriers (LECs) that provide local telephone services throughout much of the country. Besides CenturyLink LECs, the actions on the motion name over 300 other LECs as defendants.

[2] The Panel is aware of 45 additional actions pending in 27 districts, most of which do not involve CenturyLink (the non-CenturyLink cases). These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] MCI Communications Service, Inc. and Verizon Select Services, Inc.

-2-

centralization in the Northern District of Texas. Verizon suggests centralization in the District of Minnesota or, alternatively, the Eastern District of Michigan, the Southern District of Ohio, or the Northern District of Texas. Sprint supports centralization in the District of Minnesota or another convenient court without a congested docket, and suggests the Eastern District of Michigan or the Western District of Missouri as possibilities.

On the basis of the papers filed and hearing session held, we find that these 28 actions involve common questions of fact, and that centralization in the Northern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that defendant LECs improperly billed Verizon and Sprint for switched access charges for IntraMTA calls—calls originated and terminated in the same major trading area. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

The parties opposing centralization argue that these actions share common legal issues, but do not share sufficient issues of fact, and that most common factual issues will be undisputed. Those parties supporting centralization point to various issues of fact that they contend will be in dispute, including alleged implied-in-fact contracts based on plaintiffs' uniform conduct in paying these charges for the past eighteen years without complaint. We are persuaded that there are sufficient complex common questions of fact to warrant centralization here. We also are persuaded that centralization will lessen the risk of inconsistent pretrial rulings on, for example, whether certain legal issues in this litigation should be referred to the Federal Communications Commission.

Several smaller LEC defendants argue that centralization will be inconvenient. We find that the sheer number of parties and courts involved here favors Section 1407 centralization rather than informal coordination. Moreover, while transfer of a particular action might inconvenience some parties to that action, such transfer often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g. In re: Crown Life Ins. Premium Life Ins. Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Most parties agree that, if the Panel deems centralization to be appropriate, all CenturyLink and non-CenturyLink actions should be included. This order applies to only the 28 actions on CenturyLink's Section 1407 motion for centralization. The non-CenturyLink actions are potential tag-along actions and their inclusion will be considered in due course. *See* Panel Rules 1.1(h), 7.1, and 7.2.

No party opposes CenturyLink's request to sever and remand CenturyLink's original claims in the Western District of Louisiana *CenturyTel* action, relating to VoIP calls, and to include only Sprint's counterclaims regarding IntraMTA calls. We agree that the VoIP claims are not related to the common IntraMTA call claims present in all other actions, and they will be separated and remanded.

The Northern District of Texas is an appropriate transferee district for pretrial proceedings

-3-

in this litigation. Several defendants support centralization there, and Verizon agrees it would be an appropriate transferee district. Dallas, Texas is an easily accessible and central location. Judge Sidney A. Fitzwater, who is presiding over a case brought by Verizon, is an experienced transferee judge who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Texas, and, with the consent of that court, assigned to the Honorable Sidney A. Fitzwater for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED THAT CenturyLink's claims against Sprint in the Western District of Louisiana *CenturyTel* action are separated and simultaneously remanded, under 28 U.S.C. § 1407(a), to the Western District of Louisiana.

PANEL ON MULTIDISTRICT LITIGATION

Marjorie O. Rendell
Acting Chair

Lewis A. Kaplan           Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry

IN RE: INTRAMTA SWITCHED ACCESS
CHARGES LITIGATION                                                    MDL No. 2587

## SCHEDULE A

    District of Delaware

MCI COMMUNICATION SERVICES, INC., ET AL. v. AT&T COMMUNICATIONS
    OF TEXAS LLC, ET AL., C.A. No. 1:14-01138

    Northern District of Florida

SPRINT COMMUNICATIONS COMPANY LP v. EMBARQ FLORIDA, INC., ET AL.,
    C.A. No. 4:14-00230

    Southern District of Florida

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CENTURYLINK
    COMMUNICATIONS, ET AL., C.A. No. 1:14-23305

    Northern District of Georgia

SPRINT COMMUNICATIONS COMPANY L.P. v. BELLSOUTH
    TELECOMMUNICATIONS, LLC, ET AL., C.A. No. 1:14-01657
MCI COMMUNICATIONS SERVICES, INC., ET AL. v. ACN COMMUNICATION
    SERVICES, INC., ET AL., C.A. No. 1:14-02878

    Central District of Illinois

MCI COMMUNICATIONS SERVICES, ET AL. v. ILLINOIS BELL TELEPHONE,
    ET AL., C.A. No. 2:14-02212

    Southern District of Indiana

SPRINT COMMUNICATIONS COMPANY L.P. v. INDIANA BELL TELEPHONE
    COMPANY INCORPORATED, ET AL., C.A. No. 1:14-01006

    Southern District of Iowa

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CENTRAL SCOTT
    TELEPHONE COMPANY, ET AL., C.A. No. 3:14-00101

- A2 -

**MDL No. 2587 Schedule A (Continued)**

<u>District of Kansas</u>

SPRINT COMMUNICATIONS COMPANY, LP v. UNITED TELEPHONE COMPANY
    OF KANSAS, ET AL., C.A. No. 2:14-02213
MCI COMMUNICATIONS SERVICES, INC., ET AL. v. BLUE VALLEY
    TELE-COMMUNICATIONS, INC., ET AL., C.A. No. 2:14-02448

<u>Western District of Louisiana</u>

CENTURYTEL OF CHATHAM LLC, ET AL. v. SPRINT COMMUNICATIONS
    CO. L P, C.A. No. 3:09-01951

<u>Western District of Michigan</u>

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. ACE TELEPHONE
    COMPANY OF MICHIGAN, INC., ET AL., C.A. No. 1:14-00937

<u>District of Minnesota</u>

SPRINT COMMUNICATIONS COMPANY L.P. v. QWEST CORPORATION,
    ET AL., C.A. No. 0:14-01387
MCI COMMUNICATIONS SERVICES, INC., ET AL. v. QWEST CORPORATION,
    ET AL., C.A. No. 0:14-03385

<u>Western District of Missouri</u>

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CENTURYTEL OF
    MISSOURI, LLC (BELLE-HERMAN), ET AL., C.A. No. 5:14-06099

<u>District of New Jersey</u>

SPRINT COMMUNICATIONS COMPANY L.P. v. UNITED TELEPHONE COMPANY
    OF NEW JERSEY, C.A. No. 1:14-03147

<u>Eastern District of North Carolina</u>

SPRINT COMMUNICATIONS COMPANY L.P. v. CAROLINA TELEPHONE AND
    TELEGRAPH COMPANY, LLC, ET AL., C.A. No. 5:14-00317

- A3 -

**MDL No. 2587 Schedule A (Continued)**

    Eastern District of North Carolina (Cont.)

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. ATLANTIC TELEPHONE
    MEMBERSHIP CORPORATION, ET AL., C.A. No. 7:14-00188

    Northern District of Ohio

SPRINT COMMUNICATIONS COMPANY L.P. v. UNITED TELEPHONE
    COMPANY OF OHIO, ET AL., C.A. No. 1:14-01380
MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CENTURYTEL OF
    OHIO, INC., ET AL., C.A. No. 1:14-01977

    Middle District of Pennsylvania

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. FIBERNET
    TELECOMMUNICATIONS OF PENNSYLVANIA, LLC, ET AL.,
    C.A. No. 1:14-01735

    Northern District of Texas

SPRINT COMMUNICATIONS COMPANY LP v. CENTRAL TELEPHONE
    COMPANY OF TEXAS, ET AL., C.A. No. 3:14-01724
MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CAMERON TELEPHONE
    COMPANY LLC, ET AL., C.A. No. 3:14-03210

    Western District of Virginia

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. BUGGS ISLAND TELEPHONE
    CO-OPERATIVE, ET AL., C.A. No. 5:14-00047
SPRINT COMMUNICATIONS COMPANY, L. P. v. CENTRAL TELEPHONE
    COMPANY OF VIRGINIA, ET AL., C.A. No. 7:14-00298

    Eastern District of Washington

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CENTURYTEL OF
    COWICHE INC, ET AL., C.A. No. 1:14-03131

- A4 -

**MDL No. 2587 Schedule A (Continued)**

<u>Western District of Washington</u>

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. CENTURYTEL OF INTER-ISLAND, INC., ET AL., C.A. No. 2:14-01378

<u>Western District of Wisconsin</u>

MCI COMMUNICATIONS SERVICES, INC., ET AL. v. AMELIA TELEPHONE CORPORATION, ET AL., C.A. No. 3:14-00605